# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Leon E. Oldham <br> George Hendricks d/b/a Son Shine Service <br> Sheila Campbell, Michelle Edens, Anita Guffey & <br> Harvey Campbell <br> Michael A. McElroy, Sr. & Marjorie A. McElroy <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 18-1961 L |

## COMPLAINT

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and Statutes of the United States and because the United States is the Defendant.

## STATUTES AND CONSTITUTIONAL PROVISIONS

2. Plaintiffs' claims are based upon 1) the Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

## TAKINGS CLAIM

3. The cities of Fishers, IN, and Noblesville, IN, and Hamilton County, IN (collectively, "The Owners"), filed a petition for partial revocation of exemption with the

Surface Transportation Board ("STB") on August 1, 2017 seeking to abandon and railbank under the Trails Act an approximately 37.5- mile rail line on between milepost I-2.13 at Indianapolis, IN, and milepost I-39.69 at Tipton, IN. (the "Railroad Line").

4. The Railroad line was previously owned by Norfolk and Western Railway Company ("N&W"), who gained authority from the Interstate Commerce Commission to abandon the line in 1991.

5. The cities of Fishers and Noblesville purchased the Line from N&W in 1995, and Hamilton County became a joint owner of the Line in 2006.

6. The STB granted the Owners permission to proceed with rialbanking on May 29, 2018.

7. The Owners and their predecessors held only an easement limited to railroad purposes for the entire Railroad Line.

8. The easement lay across property owned by Plaintiffs.

9. Upon abandonment of the easement and/or authorization of use beyond the scope of the easement, Plaintiffs' property would have been unburdened by any easement.

10. Plaintiff Leon E. Oldham owned land in Hamilton County adjacent to and underlying the Railroad Line on the date of the taking, December 21, 2018.  Leon E. Oldham's property, including parcel number 11-10-01-02-10-012.000, includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

11. Plaintiff George Hendricks d/b/a Son Shine Service owned land in Hamilton County adjacent to and underlying the Railroad Line on the date of the taking, December 21, 2018.  George Hendricks d/b/a Son Shine Service's property, including parcel number 11-06-36-

04-04-001.000, includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

12. Plaintiffs Sheila Campbell, Michelle Edens, Anita Guffey & Harvey Campbell owned land in Hamilton County adjacent to and underlying the Railroad Line on the date of the taking, December 21, 2018. Sheila Campbell, Michelle Edens, Anita Guffey & Harvey Campbell's property, including parcel number 11-11-06-03-15-049.000, includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

13. Plaintiffs Michael A. McElroy, Sr. & Marjorie A. McElroy owned land in Hamilton County adjacent to and underlying the Railroad Line on the date of the taking, December 21, 2018. The McElroy's property, including parcel number 11-11-18-01-01-012.000, includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

14. The cities of Fishers, IN, and Noblesville, IN, and Hamilton County, IN requested issuance of a Notice of Interim Trail Use ("NITU") for the purpose of forestalling state-law abandonment of the line so that a public recreational trail could be established with the possibility for future reactivation as a railroad.

15. On December 21, 2018, the STB issued a NITU relating to the Railroad Line.

16. But for operation of the Trails Act, the Plaintiffs would have the exclusive right to physical ownership, possession and use of their property free of any easement for recreational trail use or future railroad use.

17. By operation of the Trails Act, the United States took Plaintiffs' property for which it is required to pay just compensation pursuant to the United States Constitution.

18. Plaintiffs owned the aforementioned property on the date of the taking, December 21, 2018, and are therefore proper claimants for compensation.

19. Plaintiffs' property includes the fee title to the property underlying the former railroad easement.

20. The United States' actions damaged Plaintiffs by taking a portion of Plaintiffs' property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

WHEREFORE, Plaintiffs respectfully request a monetary judgment in their favor representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, and costs and attorneys' fees incurred by Plaintiffs and for such further relief as this Court may deem just and proper.

Date:   December 21, 2018

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

By  s/J. Robert Sears
J. Robert Sears
100 North Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000
(314) 345-5055 (facsimile)
sears@bscr-law.com

ATTORNEY FOR PLAINTIFFS